# IN THE COURT OF APPEALS OF IOWA

No. 14-0789
Filed December 24, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL PAUL EATON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Bremer County, James M. Drew (plea) and Rustin T. Davenport (sentencing), Judges.


        Michael Eaton appeals his convictions for possession of a controlled substance with intent to deliver, methamphetamine; possession of a controlled substance third offense, marijuana; eluding; and carrying weapons. **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, and Robert P. Ranschau, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, and Kasey Wadding, County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

Michael Eaton pleaded guilty to and was convicted of possession of a controlled substance with intent to deliver, methamphetamine; possession of a controlled substance third offense, marijuana; eluding; and carrying weapons; all in violation of Iowa Code sections 124.401(1)(c)(6), 124.401(5), 321.279(3)(a) and (b), and 724.3(1) (2011). On appeal, he contends his counsel rendered constitutionally deficient performance by failing to file a motion in arrest of judgment when the district court failed to advise Eaton of the immigration consequences of his pleas. To establish his claim for ineffective assistance of counsel, Eaton is required to establish counsel breached a duty owed Eaton and prejudice arose from the breach. "[T]o satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial." *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). There is no record evidence in support of the claim.[1] Accordingly, the claim is denied on the merits. The convictions are affirmed without further opinion. *See* Iowa Ct. R. 21.26.

**AFFIRMED.**

---

[1] We note that filing a claim for ineffective assistance of counsel on direct appeal is unnecessary to protect the defendant's right to seek relief. *See* Iowa Code § 814.7 (2013) ("The claim need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."). A party "may, but is not required to, raise an ineffective assistance claim on direct appeal . . . if the party has reasonable grounds to believe that the record is adequate to address the claim on direct appeal." Iowa Code § 814.7(2). Presenting an underdeveloped claim on direct appeal not only wastes the party's resources and judicial resources, it poses a litigation risk to the defendant, who may receive an adverse judgment on a potentially meritorious claim due to the presentation of a claim on an underdeveloped record. The record is sufficiently developed in this case for a decision on the merits.